UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES STRANGE, *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al*,<br><br>Defendants. | Civil Action No. 14-435 (CKK) |

**MEMORANDUM OPINION**
(June 5, 2014)

Presently before the Court is Plaintiffs' [11] Motion to Disqualify Judge Pursuant to 28 U.S.C. § 144. Plaintiffs move the Court to transfer this case to a different district court judge in order to prevent an "appearance of bias and prejudice" due to the undersigned judge being involved in "ongoing litigation" with Plaintiffs' Counsel. Pl.s' Mot. at 7. Upon a searching review of Plaintiffs' Motion,[1] the relevant legal authorities, and the record for purposes of this motion, the Court DENIES Plaintiffs' [11] Motion. However, the Court will STAY this matter, except for service on Defendants, pending the resolution of Plaintiffs' recently filed Petition for Writ of Mandamus in the United States Court of Appeals for the District of Columbia Circuit.

**I.   BACKGROUND**

Plaintiffs filed the present lawsuit on March 18, 2014, on behalf of themselves and their sons and stepsons, alleging that the Islamic Republic of Iran, Mahmoud Ahmadinejad, Ayatollah Sayyid Ali Hoseyni Khamenei, the Army of the Guardians of the Islamic Revolution, Hamid

---

[1] Plaintiffs' Motion to Disqualify Judge Pursuant to 28 U.S.C. § 144 ("Pl.s' Mot."), ECF No. [11].

1

Karzai, the Afghan Operational Coordination Group, Khasa Amalyati Qeta/Qeta-e-Khas-e-Amalyati or the Afghan Special Operations Unit, the Afghan National Security Forces, the Islamic Republic of Afghanistan, the Taliban, and Al Qaeda violated Plaintiffs' and decedents' rights, engaged in racketeering and other prohibited activities, engaged in international terrorism, harbored and concealed terrorists, provided material support to terrorists and terrorist groups, directly and proximately caused the deaths of Plaintiffs' decedents, and directly and proximately caused mental anguish, severe emotional distress, emotional pain and suffering, and the loss of society, earnings, companionship, comfort, protection, care, attention, advice, counsel or guidance.  Compl., ECF No. [1], at 3.  The genesis of these allegations is the deaths of members of Navy SEAL Team VI and other Special Operations forces shot down in their helicopter by the Taliban on August 6, 2011.  *Id.* ¶¶ 16-18.

This case was assigned to the undersigned judge on March 18, 2014.  On March 19, 2014, Plaintiffs' Counsel filed a Motion to Transfer Case Pursuant to Rule 57.13(A) on the basis that Plaintiffs' Counsel was engaged in "ongoing litigation" with the undersigned judge.  *See* ECF No. [3].  Based on the grounds stated in Plaintiffs' pleadings, the Court treated Plaintiffs' Motion as a Motion for Recusal pursuant to 28 U.S.C. § 455 and denied the same on April 8, 2014.  *See generally* Mem. Op. (April 8, 2014), ECF No. [5].  The Court denied Plaintiffs' Motion after finding that "a judge is not required to recuse him or herself merely because a party files suit against him" and that "[g]ranting a motion to recuse solely because a party has sued the judge would transform such motions to recuse into vehicles for judge shopping." *Id.* at 2-3.  Plaintiffs subsequently filed a Motion to Reconsider the Court's April 8, 2014, Memorandum Opinion, which the Court denied.  *See* Mem. Op. (April 15, 2014), ECF No. [10], at 3.

On May 8, 2014, Plaintiffs filed the [11] Motion to Disqualify Judge Pursuant to 28 U.S.C. § 144 presently before the Court.  Before the Court was able to rule on Plaintiffs' Motion, Plaintiffs' Counsel filed a Petition for Writ of Mandamus with the Court of Appeals for the District of Columbia Circuit seeking to have the Court of Appeals compel the undersigned judge to remove herself from this case either by recusal or disqualification.  *See generally* Notice of Petition for Writ of Mandamus, ECF No. [13-1].  Plaintiffs' Petition for Writ of Mandamus remains pending before the Court of Appeals.

## II.    LEGAL STANDARD

Recusal of a judge pursuant to 28 U.S.C. § 144 is appropriate "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  28 U.S.C. § 144.  To recuse a judge under section 144, a litigant must submit, along with its motion, an affidavit stating "the facts and the reasons for [its] belief that bias or prejudice exists."  *Id.*  Upon the filing of a "timely and sufficient affidavit," section 144 mandates that the assigned "judge shall proceed no further, but another judge shall be assigned to hear such proceeding." *Id.*; *see also Bhd. of Locomotive Firemen and Enginemen v. Bangor & Aroostook R.R. Co.,* 380 F.2d 570, 576 (D.C. Cir. 1967) ("The disqualification statute, 28 U.S.C. § 144, is mandatory and automatic, requiring only a timely and sufficient affidavit alleging personal bias or prejudice of the judge.").  "Importantly, the mere fact that a party has filed a § 144 motion, accompanied by the requisite affidavit and certificate of counsel, does not automatically result in the challenged judge's disqualification."  *Robertson v. Cartinhour,* 691 F.Supp.2d 65, 77 (D.D.C. 2010) (citation omitted); *see also United States v. Miller,* 355 F.Supp.2d 404, 405 (D.D.C. 2005) ("disqualification is not automatic upon

3

submission of affidavit and certificate"). Rather, recusal is required *only* upon the filing of a "timely and *sufficient* affidavit." 28 U.S.C. § 144 (emphasis added).

The question of whether the motion and supporting affidavit is both timely and legally sufficient is for this Court to determine in the first instance. *United States v. Haldeman,* 559 F.2d 31, 131 (D.C. Cir. 1976) ("It is well settled that the involved judge has the prerogative, if indeed not the duty, of passing on the legal sufficiency of a Section 144 challenge."); *see also United States v. Heldt,* 668 F.2d 1238, 1272 n. 69 (D.C. Cir. 1981) (noting that "under section 144 . . . the transfer to another judge for decision is 'at most permissive'") (quoting *Haldeman,* 559 F.2d at 131). In determining whether the affidavit sets forth a legally sufficient basis for disqualification, the Court "must accept the affidavit's factual allegations as true even if the judge knows them to be false." *S.E.C. v. Loving Spirit Found.,* 392 F.3d 486, 496 (D.C. Cir. 2004); *see also United States v. Hanrahan,* 248 F.Supp. 471, 474 (D.D.C. 1965) ("when presented with an application and affidavit such as this one, a Court may not pass upon the truth or falsity of the allegations, but must accept them as true for the purpose of determining the legal sufficiency of the affidavit"). However, the affidavit "must state facts as opposed to conclusions, and while the information and belief of the affiant as to the truth of the allegations are sufficient, mere rumors and gossip are not enough." *Hanrahan,* 248 F.Supp. at 475 (internal citations omitted). "The identifying facts of time, place, persons, occasion and circumstances must be set forth, with at least that degree of particularity one would expect to find in a bill of particulars." *Id.* (internal citations omitted). Importantly, given the requirement that the Court accept the facts stated in the affidavit as true, the statute mandates that "the attorney presenting the motion [ ] sign a certificate stating that both the motion and declaration are made in good faith." *Loving Spirit Found.,* 392 F.3d at 496; *see* 28 U.S.C. § 144 (requiring that the affidavit

4

"be accompanied by a certificate of counsel of record stating that it is made in good faith"). The certification requirement is key to the integrity of the recusal process and "guard[s] against the removal of an unbiased judge through the filing of a false affidavit." *Loving Spirit Found.,* 392 F.3d at 496.

Once it is established that the affidavit has been properly certified by counsel of record[2] and that the facts set forth therein have been stated with sufficient particularity, the Court must then

> ascertain[ ] whether these facts would fairly convince a sane and reasonable mind that the judge does in fact harbor the personal bias or prejudice contemplated by the statute. It is well established that the facts must give fair support to the charge of a bent mind that may prevent or impede impartiality. The basis of the disqualification is that personal bias or prejudice exists, by reason of which the judge is unable to impartially exercise [her] functions in the particular case. The factual allegations must establish by more than a prima facie case, but not beyond a reasonable doubt that the mind of the judge is closed to justice; that the judge has a personal bias or prejudice against the affiant which is of such a nature, and of such intensity, that it would render the judge unable to give the affiant the fair trial to which every litigant is entitled. Obviously, such a showing could rarely be made.

---

[2] The Court notes that Plaintiffs' Counsel failed to submit with Plaintiffs' Motion to Disqualify a certificate stating that Plaintiffs' affidavit in support of its Motion was made in good faith. Plaintiffs' Counsel only submitted an affidavit alleging judicial bias and prejudice and swearing that the statements in his own affidavit are true and correct. *See* ECF No. [11-1]. As discussed, section 144 requires that a party's affidavit submitted in support of a motion for disqualification "be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. The certification requirement is not simply a pro forma procedural obligation but is key to the integrity of the recusal process. Because the Court must accept as true all factual allegations asserted in the affidavit, even if the Court knows such allegations to be untrue, the certification requirement is essential to "guard against the removal of an unbiased judge through the filing of a false affidavit." *Loving Spirit Found.,* 392 F.3d at 496. The certification requirement therefore serves as a "check on abuse of the recusal process," assuring the Court that the statements in the affidavit are made in good faith. *Id.* Given the importance of the certification requirement, the failure to comply with this requirement is not simply a procedural error. *See United States v. Miller,* 355 F.Supp.2d 404, 405–06 (D.D.C.2005) ("failure to make this certification is grounds for denying the motion"); *Sataki v. Bd. Of Governors*, 733 F.Supp.2d 54, 60 (D.D.C. 2010). Accordingly, Plaintiffs' Motion to Disqualify can be denied for this reason alone.

*Hanrahan,* 248 F.Supp. at 475–76 (internal citations and quotations omitted). "Importantly, to be disqualifying, the alleged bias usually 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Robertson,* 691 F.Supp.2d at 78 (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966)); *see also Liteky v. United States,* 510 U.S. 540, 554 (1994) (predispositions developed during proceedings are rarely sufficient).

### III.     DISCUSSION

Plaintiffs' Motion to Disqualify must be denied because the facts set forth in Plaintiffs' supporting Affidavit, even if accepted as true, are legally insufficient to demonstrate actual bias warranting disqualification under section 144. Moreover, the Court has conducted its own independent review of the record in this case, including Plaintiffs' present Motion and Affidavit, and is satisfied that no reasonable and informed observer would question this Court's impartiality.

Plaintiffs seek to disqualify the undersigned judge because, as they allege, the undersigned judge's "long-running litigation" with Plaintiffs' counsel "will undoubtedly taint the pursuit of justice and at the very least create much more than an appearance of bias and prejudice." Charles Strange Decl. ¶ 4; Mary Ann Strange Decl. ¶ 4; Hamburger Decl. ¶ 4; Douangdara Decl. ¶ 4. The "long-running litigation" Plaintiffs refer to stems from two lawsuits over which the undersigned judge presided, *Klayman v. Judicial Watch*, No. 06-cv-0670 (D.D.C. filed Apr. 12, 2006), and *Sataki v. Broadcasting Board of Governors*, *et al.*, No. 10-cv-0534, 2010 WL 4260197 (D.D.C. Oct. 22, 2010). Plaintiffs' Counsel, Larry Klayman, is a plaintiff in the first lawsuit and served as plaintiff's counsel in the second lawsuit.  Mr. Klayman sought to disqualify the undersigned judge in both lawsuits. In each lawsuit, the Court denied plaintiffs'

recusal motions because they were based foremost[3] on plaintiffs' displeasure with legal rulings the Court had made. *See generally Sataki*, 733 F.Supp.2d 54 (D.D.C. 2010) (order denying disqualification motion); *Judicial Watch*, 744 F.Supp.2d 264 (D.D.C. 2010) (order denying disqualification motion). As the Supreme Court has observed, and the Court noted in denying plaintiffs' motions, judicial rulings by themselves "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Liteky*, 510 U.S. at 555. As plaintiffs in both cases did not identify any improper reliance by the Court on extrajudicial facts or evidence in making its legal rulings, the Court found that plaintiffs' dissatisfaction with the Court's rulings did not warrant the Court's recusal. *Sataki*, 733 F.Supp.2d at 66-67; *Judicial Watch*, 744 F.Supp.2d at 275-77.

On October 22, 2010, the Court dismissed *Sataki* in its entirety. *Sataki*, No. 10-534, 2010 WL 4260197 (D.D.C. Oct. 22, 2010). Plaintiff appealed the dismissal, but the Court of Appeals for the District of Columbia Circuit ultimately dismissed the appeal for lack of prosecution. *Sataki*, No. 11-5015 (D.C. Cir. Sept. 7, 2011). Following the Court's denial of Mr. Klayman's recusal motion in *Judicial Watch*, Plaintiff pursued both a mandamus petition and an

---

[3] Plaintiffs' Counsel also argued in both cases that the fact that the undersigned judge was appointed by former President William J. Clinton created an appearance of bias against him. *Sataki*, 733 F.Supp.2d at 67-68; *Klayman*, 744 F.Supp.2d at 277-78. However, courts have regularly rejected the theory that appointment by a particular president, without more, is sufficient to create an appearance of impartiality. *See Karim-Panahi v. U.S. Congress*, 105 Fed.Appx. 270, 274-275 (D.D.C. 2004) (affirming lower court's denial of motion for recusal based on allegations that the judge was "biased because of her 'political-religious connections' and her alleged loyalty to those who selected, confirmed and appointed her"); *see also MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 138 F.3d 33, 38 (2d Cir. 1998), *cert. denied*, 525 U.S. 874 (1998) (Plaintiff's allegation that "a judge is not impartial solely because an attorney is embroiled in a controversy with the administration that appointed the judge" is insufficient grounds for recusal). Even when the President responsible for nominating the judge is actually a *party* to the litigation, courts have held that recusal is not warranted. *See, e.g., In re Executive Office of President*, 215 F.3d 25, 25 (D.C. Cir. 2000).

interlocutory appeal, but the Court of Appeals for the District of Columbia Circuit denied the mandamus petition and dismissed the interlocutory appeal for lack of prosecution. *See In re Larry Klayman,* No. 08-5218 (D.C. Cir. Jul. 25, 2008) (per curiam) (order denying petition for Writ of Mandamus); *Klayman v. Judicial Watch, Inc.,* No. 09-7068 (D.C. Cir. Sept. 1, 2009) (order dismissing appeal for lack of prosecution).

Believing that the undersigned judge's refusal to remove herself from both the *Sataki* and *Judicial Watch* cases was prejudicial to the fair and impartial administration of justice, Mr. Klayman also filed an Ethics Complaint against the undersigned judge before the Judicial Council of the District of Columbia Circuit. Mr. Klayman's Ethics Complaint, however, was dismissed by Chief Judge David Sentelle as was his Petition for Review of the dismissal. Complaint ¶ 17, *Klayman v. Kollar-Kotelly et al.*, No. 11-cv-1775 (D.D.C. Oct. 5, 2011), ECF No. [1]. On October 5, 2011, Mr. Klayman filed a lawsuit against the undersigned judge as well as former Chief Judge Sentelle of the D.C. Circuit, the Judicial Council of the D.C. Circuit, and the Office of the Circuit Executive, alleging that the defendants' judicial acts violated his Constitutional rights. On September 25, 2012, Judge Richard J. Leon dismissed Mr. Klayman's case for failure to demonstrate any basis for subject matter jurisdiction. *Klayman v. Kollar-Kotelly et al.*, 892 F.Supp.2d 261, 264 (D.D.C. 2012). The Court of Appeals for the District of Columbia Circuit affirmed Judge Leon's dismissal on May 20, 2013. *See Klayman*, No. 12-5340, 2013 WL 2395909, at *1 (D.C. Cir. May 20, 2013). Mr. Klayman subsequently filed petitions for rehearing and rehearing en banc of the dismissal of his case, but the Court of Appeals denied these petitions on August 12, 2013. *Klayman*, No. 12-5340 (D.C. Cir. Aug. 12, 2013) (per curiam) (order denying petition for rehearing); *Klayman*, No. 12-5340 (D.C. Cir. Aug. 12, 2013) (per curiam) (order denying petition for rehearing en banc).

On August 14, 2013, Mr. Klayman filed another Petition for Writ of Mandamus with the Court of Appeals for the District of Columbia Circuit seeking, among other things, to have the undersigned judge "compelled to remove herself and vacate all prior orders from the ongoing *Judicial Watch* and prior *Sataki* case." Petition for Writ of Mandamus, *In re Larry Klayman*, No. 13-5258 (D.C. Cir. Aug. 14, 2013). The Court of Appeals for the District of Columbia Circuit denied plaintiff's mandamus petition on October 22, 2013. *In re Larry Klayman,* No. 13-5258 (D.C. Cir. Oct. 22, 2013) (per curiam). Mr. Klayman subsequently petitioned for rehearing and rehearing en banc of his Petition for a Writ of Mandamus, but his petitions were denied. *In re Larry Klayman,* No. 13-5258 (D.C. Cir. Feb. 10, 2014) (per curiam) (order denying petition for rehearing); *In re Larry Klayman,* No. 13-5258 (D.C. Cir. Feb. 10, 2014) (per curiam). The only item now pending in this "long-lasting litigation" is the Petition for Writ of Certiorari Mr. Klayman filed with the Supreme Court on May 12, 2014, seeking review of the Court of Appeals' denial of his mandamus petition. *In re Larry Klayman*, No. 13-1365 (D.C. Cir. Aug. 14, 2013), *petition for cert. filed*, No. 13-5258 (U.S. May 14, 2014).

While Plaintiffs' Counsel has indeed been engaged in multi-year litigation over which the undersigned judge presided or in which the undersigned judge was implicated as a party, the Court finds that the nature of this litigation and its relation to the case presently before the Court would not lead a reasonable mind to believe that the undersigned judge harbors personal bias or prejudice towards Plaintiffs. The ongoing litigation that Plaintiffs claim taints the undersigned judge's ability to fairly and impartially preside over the present matter goes back to legal rulings the Court made many years ago—in 2007 and 2008 for *Judicial Watch* and in 2010 for *Sataki*. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Indeed, Plaintiffs' claims that the undersigned judge's legal

9

rulings in *Judicial Watch* and *Sataki* reveal her bias have repeatedly been dismissed by this court and the Court of Appeals for the District of Columbia Circuit. Moreover, the present case is an entirely new case with no relation to the previous matters implicated in the ongoing litigation outlined above. Courts have regularly held that a judge is not required to recuse himself or herself merely because a party files suit against him or her. *See In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) ("There is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties."); *In re Hipp, Inc.,* 5 F.3d 109, 116 (5th Cir. 1993); *United States v. Watson,* 1 F.3d 733, 735 (8th Cir. 1993); *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1986); *United States v. Grismore,* 564 F.2d 929, 933 (10th Cir. 1977).[4] Accordingly, without any indication that the undersigned judge would be biased or prejudiced against Plaintiffs due to the nature of the ongoing litigation, the Court cannot find that the simple existence of this ongoing litigation would "fairly convince a sane and reasonable mind that the judge does in fact harbor the personal bias or prejudice contemplated by the statute." *Hanrahan,* 248 F.Supp. at 475.

Since there is no basis for the requested disqualification, granting Plaintiffs' Motion would set a precedent that would permit judge shopping by litigants. As the Seventh Circuit held in *In re Taylor*—and as this Court explained in its two opinions addressing Plaintiffs' prior motions to transfer this case to another judge—"[t]here is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties" because such a rule would "allow litigants to judge shop." *Taylor*, 417 F.3d at 652. This Court, as have many courts in other circuits, agrees that such a rule would encourage

---

[4] Although several of these cases discuss motions to recuse pursuant to section 455, "the substantive standard for recusal based on alleged bias under [section 455 and section 144] is largely the same." *Sataki*, 744 F.Supp.2d at 275 n.4.

counsel and litigants to file complaints and/or lawsuits in order to disqualify a judge who had ruled adversely to counsel and/or parties on legal matters.  Accordingly, the Court shall DENY Plaintiffs' [11] Motion to Disqualify Judge Pursuant to 28 U.S.C. § 144.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' [11] Motion to Disqualify Judge Pursuant to 28 U.S.C. § 144.  However, as Plaintiffs have filed a Petition for Writ of Mandamus seeking to compel the undersigned judge's recusal or disqualification from this case and this Petition is currently pending before the Court of Appeals for the District of Columbia Circuit, the Court will STAY this case until resolution of the Petition for Writ of Mandamus.  This case is not stayed, however, in so far as Plaintiff must still effect service on all Defendants by **July 16, 2014** (unless extensions are requested) since the Court has no role in Plaintiff effecting service.

An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge