## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STRANGE, *et. al* <br><br>                   Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, *et al* <br><br>                   Defendants. | Civil Action No. 1:14-cv-00435 |

## MOTION FOR LEAVE TO AMEND AND FILE FIRST AMENDED COMPLAINT

**I.       INTRODUCTION**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs hereby respectfully move this honorable Court for leave to file the First Amended Complaint, attached as Exhibit 1. The First Amended Complaint adds provisions under 18 U.S.C. § 2331 *et seq.* – which has already been pled in the initial Complaint – into the same causes of action, corrects a typographical error with regard to the acronym for man-portable air-defense systems (MANPADS), and restates with clarity – in five (5) words – that this premeditated and senseless attack was an act of terrorism. For the Court's convenience, all changes and modifications of the First Amended Complaint are attached as Exhibit 1 and highlighted in yellow.  No operative additional facts are pled in the First Amended Complaint that had not already been pled in the initial Complaint. In the First Amended Complaint, since no substantive facts or claims are added, it does not need to be re-served to the defaulting Defendants.

## II.     THE LAW

Rule 15 provides that leave to amend a pleading "shall be freely given where justice so requires." Fed. R. Civ. P. 15(a). "Leave to amend a complaint should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *See Richardson v. United States*, 193 F.3d 545, 548-549 (D.C. Cir. 1999) citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In addition, under Rule 15(b)(2), "[a] party may move – at any time, even after judgment – to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue." Fed. R. Civ. P. 15(b)(2). "Trial of [an] issue without objection normally is enough to satisfy the Rule 15(b) requirement." *Kirkland v. Dist. of Columbia*, 70 F.3d 629, 633 (D.C. Cir. 1995).  "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." *Id*.

Moreover, Federal Rule of Civil Procedure 5(a) delineates when service and filing of pleadings and other papers, including written notice, are required. The rule specifically states that "[n]o service need be made on parties in default for failure to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2). *See also Barber v. Turberville*, 218 F.2d 34, 38-39 (D.C. Cir. 1954).

## III.     ANALYSIS

The only change to the initial Complaint that the First Amended Complaint incorporates is the addition of related claims – *not* new causes of action – that "relate back" and arise from the same conduct, transaction or occurrence, and arise from the same operative facts. Accordingly, the First Amended Complaint states claims arising from the same conduct, transaction or occurrence

set forth in the initial Complaint. Specifically, the initial Complaint and the First Amended

Complaint assert causes of action arising out of the Defendants' alleged involvement in organizing

and facilitating the ambush and murder of Extortion 17 on August 6, 2011 through extrajudicial

killing, material support, violating the Anti-Terrorism Act and violating the Racketeering and

Corrupt Influenced Organizations Act. The First Amended Complaint does not allege any

additional claims that are unrelated to the aforementioned attack.

      The Defendants have already been served with the initial Complaint *and served* with the

Entry of Default with the sworn affidavit filed on May 1, 2015.[1] Therefore, the Defendants were

already on notice as to claims against them arising from any additional claims arising from the

ambush and murder of Plaintiffs' decedents. Defendants chose not to respond to Plaintiffs'

Complaint. Indeed, there are several precedential cases in the District of Columbia that stand for

the principle that serving an amended complaint pursuant to FSIA is not necessary under these

circumstances. *See Dammarell v. Islamic Republic of Iran*, 370 F. Supp. 2d 218, 224-25 (D.D.C.

2005) (ruling that service of an amended complaint was not required when a new complaint

clarified existing claims, Defendants had defaulted, and the burden of long delay in the

proceedings would place a significant burden on the parties); *Prevatt v. Islamic Republic of Iran*,

421 F. Supp. 2d 152 (D.D.C. 2006) (ruling that service of an amended complaint was unnecessary

when amended complaint removed designation of plaintiff as administrator of estate, deleted

wrongful death count, and changed the solatium count).

      Here, as in *Dammarell*, Plaintiffs seek only to "clari[y] existing claims," the Defendants,

each and every one of them, have defaulted, and the long delay in proceedings in order to re-serve

---

[1]     The Clerk of the Court entered an Entry of Default for each and every Defendant on June 8, 2015 [Dkts. # 41-51].

Defendants essentially the same complaint would result in long delay and be a significant expense and burden, especially since some of the Defendants were served by publication.

"No service need be made on parties in default for failure to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2). A "new claim for relief" is synonymous with [a] "new cause[s] of action." In *Gerber v. Schutte Investment Co.*, the court ruled that "claim for relief" was the same as "cause of action," and that the amended complaint there did not state a new cause of action. The court compared the two complaints and, by applying the tests which had been developed in the past in various jurisdictions, found that no new or different amount of damages were sought and no new or additional injuries claimed, and that, just because there was a change in or addition to the allegations of the negligence which caused the injury, that change in itself did not brand the amended petition as introducing a new or additional cause of action. *Gerber v. Schutte Investment Co.*, 354 Mo. 1246, 914 S.W.2d 24 (1946).

Here, no new causes of action are incorporated in the First Amended Complaint. No new or different amounts of damages are sought. No new additional injuries are claimed. As such, "[n]o service need be made on parties in default for failure to appear . . ." Fed. R. Civ. P. 5(a).

Defendants have not objected and will not object to the amending of the Complaint as they have steadfastly and characteristically refused to defend themselves or participate in any way in this case. No one has even filed a notice of appearance. In accordance with Federal Rule of Civil Procedure Rule 15, Plaintiffs hereby file the attached proposed First Amended Complaint to conform to the supplemental research obtained during the writing of a Motion for Default Judgment.

Defendants in this case, having been duly served with the prior Complaint *and* the Entry of Default filed on May 1, 2015, have defaulted and thus service of this First Amended Complaint would be futile. In addition, the newly supplemented evidence is of the same substantive nature as the facts plead in the initial Complaint.[2]

However, this possibility is non-existent and would be futile, as Defendants have routinely defaulted on all legal actions to which they have been named not only by the instant Plaintiffs, but other plaintiffs in prior cases before other courts. *See Peterson v. Islamic Republic of Iran*, 264 F. Supp. 2d 46 (2002) ("Although defendants were served with the two complaints on May 6 and July 17, 2002, defendants failed to file any response to either complaint, and on December 18, 2002, this Court entered defaults against defendants in both cases."); *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, 6 (D.D.C. 1998) ("This is an action for wrongful death resulting from an act of state-sponsored terrorism. Defendants have not entered an appearance in this matter."). In addition, the First Amended Complaint will be available for review on the court's PACER Internet site and system. Thus, additional service is unnecessary.

## IV.    CONCLUSION

Plaintiffs respectfully request that leave be granted for them to file the attached First Amended Complaint and that the Court order that re-service is not necessary, based on the facts of this case and the law.

---

[2]    Defendants could review the First Amended Complaint – that is not substantively different from the initial Complaint – filed on the court's PACER system if they wish to respond in any way, which most likely is not the case given the past history of Defendants' inaction and lack of respect for this Court and its process.

Dated: July 8, 2015

Respectfully submitted,

*/s/ Larry Klayman*
Larry Klayman, Esq.
Washington, D.C. Bar No. 334581
Freedom Watch, Inc.
2020 Pennsylvania Avenue N.W.
Suite 345
Washington, D.C. 20006
(310) 595-0800
leklayman@gmail.com