**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STRANGE, *et. al* <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, *et al* <br><br> Defendants. | Civil Action No. 1:14-cv-00435 |

**PLAINTIFF'S BRIEF MEMORANDUM REGARDING SERVICE ON DEFENDANT IRAN PURSUANT TO THIS COURT'S ORDER OF MAY 31, 2018**

Pursuant to this Court's Order of May 31, 2018, Plaintiffs, by and through undersigned counsel, hereby submit the following regarding which provisions of 28 U.S.C. § 1608 Plaintiffs have served under, why Plaintiffs were entitled to proceed under that provision, how the requirements of service under that provision have been satisfied, and which particular Iranian Defendants have been served. This memorandum only addresses service of Defendant Iran and not the individual Iranian Defendants or the IRGC.

    **A.**    **Procedural History Concerning Service of Defendant Iran**

    1.    On July 11, 2014, Plaintiffs filed with the Court an Affidavit Requesting Foreign Mailing for Defendant Iran pursuant to 28 U.S.C. § 1608(a)(3) and requested the documents to be sent via DHL to the Interests Section in Washington, D.C. Defendant Iran provided no response.

    2.    On August 22, 2014, Plaintiffs filed with the Court an Affidavit Requesting Foreign Mailing for Defendant Iran pursuant to 28 U.S.C. § 1608(a)(3) and requested the documents to be sent via DHL to the Foreign Minister of the Islamic Republic of Iran, Ministry

1

of Foreign Affairs, in Tehran, Iran. Defendant Iran provided no response and the DHL package was returned unsigned and unopened.

3. On April 19, 2017, this Court held a status conference and informed Plaintiffs that Iran was not served properly because it refused the DHL package allowed by 28 U.S.C. § 1608(a)(3), despite the Court having already ruled that Iran and the individual Iranian Defendants had properly been served. Plaintiffs informed the Court at the status conference that they may seek to serve Defendant Iran pursuant to 28 U.S.C. §1608(a)(4). *See Flanagan v. Islamic Republic of Iran*, 190 F. Supp. 3d 138, 152 (D.D.C. 2016) ("There exist at least half a dozen cases in which courts note that service under section 1608(a)(3) was ineffective . . . because service was refused.").

4. On May 22, 2017, Plaintiffs informed the Court that they intended to attempt service again pursuant to 28 U.S.C. § 1608(a)(3) and filed with the Court an Affidavit Requesting Foreign Mailing. Plaintiffs were confident that Defendant Iran would accept the DHL package because it just recently had accepted one in *Karcher v. Islamic Republic of Iran*, 2017 U.S. Dist. LEXIS 59527 (D.D.C. April 19, 2017), and was signed by an individual named Dabirkhoneh. Plaintiffs addressed the DHL package to Dabirkhoneh, who signed and accepted it for the Plaintiffs in *Karcher*. Defendant Iran again refused to accept Plaintiffs' DHL package and it was returned unsigned and unopened.

5. On June 20, 2017, Plaintiffs filed with the Court a Motion for Extension of Time to Perfect Service on Iran pursuant to 28 U.S.C. § 1608(a)(4). The next day, the Court granted Plaintiffs' motion.

6. On August 4, 2017, Plaintiffs filed with the Court an Affidavit Requesting Foreign Mailing for Defendant Iran pursuant to 28 U.S.C. § 1608(a)(4).

7. On August 9, 2018, the Clerk of the Court filed a Certificate of Mailing two copies of the summons, complaint, and notice of suit, together with a translation into the official language of the foreign state (Farsi), by certified mail, return receipt requested, to the U.S. Department of State, pursuant to 28 U.S.C. § 1608(a)(4).

8. For the next five months, undersigned counsel and his staff were in contact with the U.S. Department of State regularly regarding service on Defendant Iran. Finally, on February 7, 2018, Jared Hess, Attorney Advisor in the Overseas Citizens Services for the Office of Legal Affairs, filed a Return of Service/Affidavit with the Court stating that the documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1128-IE, dated December 28, 2017 and delivered to Defendant Iran on January 2, 2018.

9. Having been served on January 2, 2018, Defendant Iran had 60 days to respond to Plaintiffs' complaint. It failed to do so.

10. On March 27, 2018, Plaintiffs filed an Affidavit for Default for Defendant Iran.

11. On March 28, 2018, the Clerk of the Court filed an Entry of Default as to Defendant Iran.

12. Defendant Iran is currently in default.

13. Plaintiffs served only – at this time – Defendant Iran and not Defendants Ahmadinejad, Khamenei, or the IRGC. The U.S. Department of State requires a non-refundable cashier's check in the amount of $2,275.00 for each Defendant. Plaintiffs reserve the right to serve the other three Iranian Defendants at a later stage of the case.

**B. Plaintiffs Are Entitled to Serve Pursuant to 28 U.S.C. § 1608(a)(4) and Its Requirements Have Been Satisfied**

28 U.S.C. § 1608(a)(4) states:

> (a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state . . . (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services – and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608(a)(4). Under this provision, a plaintiff must first attempt service pursuant to 28 U.S.C. § 1608(a)(3), which states: " . . . if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned . . ." 28 U.S.C. § 1608(a)(3). Service could not be made under 1608(a)(1) or 1608(a)(2) because there is no "special arrangement" for service between Plaintiffs and Defendant Iran [28 U.S.C. § 1608(a)(1)] and no applicable international convention on service of judicial documents exists [28 U.S.C. § 1608(a)(2)] for Defendant Iran because, among other reasons, it is a terrorist state. Plaintiffs waited more than 30 days from their unsuccessful service under 28 U.S.C. § 1608(a)(3) and then pursued their options under 28 U.S.C. § 1608(a)(4).

Pursuant to the Procedures for Service Under 28 U.S.C. § 1608(a)(4) in the U.S. District Court for the District of Columbia Attorney Manual for Service of Process on a Foreign Defendant (Revised April 2014) and the Service of Process on a Foreign Defendant Checklist

(2016), *see* http://www.dcd.uscourts.gov/sites/dcd/files/ForeignMailingChecklist2016.pdf, Plaintiffs were required to do the following:

1. Draft the request in the form of a letter. Counsel should request service of process on a foreign entity by drafting a letter to the Clerk of the Court. Exhibit 1.

2. Docket the request on the ECF system. *See* [Dkt. # 96].

3. Receive a Notice of Electronic Filing. *Id*.

4. Submit all necessary documents to the Clerk of the Court.

Here, Plaintiffs complied with the requirements of 28 U.S.C. § 1608(a)(4) and the U.S. Department of State issued a Return of Service/Affidavit for Defendant Iran. *See* Exhibit 2. Plaintiffs successfully served Defendant Iran by following the law and therefore Defendant Iran is in default. This case, after years of delay, must now proceed to a just conclusion in the interests of the Plaintiffs, Gold Star parents. Defendant Iran is a terrorist nation and is not immune to the laws of the United States for its terrorism. All Defendants in this case, with the exception of Ahmadinejad, Khamenei, and the IRGC, have been successfully and properly served pursuant to applicable FSIA law.

**Dated**: June 7, 2018

                                           Respectfully submitted,

                                           */s/ Larry Klayman*
                                           Larry Klayman, Esq.
                                           Washington, D.C. Bar No. 334581
                                           The Klayman Law Group, P.A.
                                           2020 Pennsylvania Avenue N.W.
                                           Suite 800
                                           Washington, D.C. 20006
                                           (310) 595-0800

                                           leklayman@gmail.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on June 7, 2018.

*/s/ Larry Klayman*_____
Attorney for Plaintiffs
