UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CHARLES STRANGE**, *et al.*,
**Plaintiffs**,

v.

No. 14-cv-435-CKK-ZMF

**ISLAMIC REPUBLIC OF IRAN**, *et al.*,
**Defendants**.

## MEMORANDUM OPINION & ORDER

Parents of three U.S. servicemen killed by the Taliban have sued defendants allegedly involved in the act of terrorism that caused the servicemen's deaths. Pending before the Court is Plaintiffs' motion for prejudgment attachment against Defendant Islamic Republic of Iran. For the reasons set forth herein, the Court will deny Plaintiffs' motion.[1]

### I. BACKGROUND

Michael Strange, Patrick Hamburger, and John Douangdara were three U.S. servicemen who were killed in Afghanistan in August 2011. *See* Compl. ¶¶ 16–18, ECF No. 1. Plaintiffs Charles and Mary Ann Strange, Douglas and Shaune Hamburger, and Phouthasith Douangdara are decedents' parents and stepparents. *See id.* On March 18, 2014, Plaintiffs filed the instant complaint, alleging that the defendant Taliban killed the decedents with assistance from other defendants, including the Islamic Republic of Iran ("Iran"). *See* Compl. ¶¶ 37, 46–47; Pls.' Mem.

---

[1] This is a final order issued pursuant to Local Rule 72.2. The parties are advised that, under Local Rule 72.2(b) of the U.S. District Court for the District of Columbia, any party who objects to this Order must file a written objection thereto with the Clerk of this Court within fourteen days of the party's receipt of this Order. When considering an objection, the District Judge will determine whether this Order is clearly erroneous or contrary to law. *See* LCvR 72.2(c).

Law Supp. Mot. Prejudgment Attach. ("Mot.") 4–11, ECF No. 149-1. Plaintiffs seek to recover damages for physical and emotional injuries, punitive damages, and attorney's fees. *See* Compl. at 46–47.

Iran has not appeared in this action. *See* Mot. at 19. In 2018, Plaintiffs sought default judgment; however, Judge Kollar-Kotelly denied that request without prejudice because Plaintiffs had improperly served one of the defendants. *See* Order, ECF No. 119. Thus, the case remains pending. On September 22, 2023, Plaintiffs filed the present motion seeking to attach Iran's assets in the United States to aid in their recovery should they eventually receive a favorable judgment. *See* Mot. at 12. Plaintiffs contend that because "millions of dollars" of Iranian assets remain in the United States, this Court should "freeze" those assets. *Id.* On September 25, 2023, Judge Kollar-Kotelly referred the motion to the undersigned for resolution pursuant to Local Rule of Civil Procedure 72.2. *See* Order, ECF No. 151.

## II.    LEGAL STANDARD

A court may order the prejudgment attachment of a defendant's assets pursuant to Rule 64 of the Federal Rules of Civil Procedure. Rule 64 authorizes attachment under either state or applicable substantive federal law. *See* Fed. R. Civ. P. 64.

District of Columbia law authorizes prejudgment attachment in any civil action "for the recovery of (1) specific personal property; (2) a debt; or (3) damages for the breach of a contract, express or implied." D.C. Code § 16–501(a). Where plaintiffs seek recovery of specific personal property, they must describe the nature and value of the property along with "the probable amount of damages to which plaintiff is entitled for the detention thereof." *Id.* § 16–501(c)(3).

Federal law contains no applicable substantive provision authorizing prejudgment attachment. But it "entitles plaintiffs to what are in effect automatic pre-judgment liens on property

belonging to a designated state sponsor of terrorism." *In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d 31, 62 (D.D.C. 2009). Section 1605A of the Foreign Sovereign Immunities Act ("FSIA") permits plaintiffs to file a notice of lis pendens concerning a defendant foreign state's in-district specific property, which "serves to alert third parties that any rights concerning the noticed property are subject to the outcome of the civil litigation." *Id.* at 62 n.21; *see* 28 U.S.C. § 1605A(g)(1). The filing of such a notice "shall have the effect of establishing a lien of lis pendens upon" that specific property, as long as it is subject to attachment under the FSIA, located within the judicial district, and titled in the name of the defendant or a specified entity controlled by the defendant. *See* 28 U.S.C. § 1605A(g)(1).

## III.   DISCUSSION

District of Columbia prejudgment attachment law does not apply here. Plaintiffs' claims implicate no debt or breach of contract, *see* D.C. Code § 16–501(a)(1)–(2), nor do Plaintiffs claim that they have "specific personal property" subject to "detention" by defendants. *Id.* § 16–501(c).

The Court next looks to applicable federal statute.[2] *See* Fed. R. Civ. P. 64. Section 1605A creates an "exceedingly broad" procedure under which FSIA plaintiffs may file a notice "establishing a lien of *lis pendens* on *any*" specific property located within the district that would be subject to attachment in satisfaction of a judgment. *Est. of Heiser v. Islamic Republic of Iran*, 605 F. Supp. 2d 248, 250 (D.D.C. 2009). "[A] notice of *lis pendens* is not a lien, but, assuming the proper procedures are adhered to, the legal effect of the notice is that any third-party purchaser

---

[2] Plaintiffs do not cite to a federal statute in support of their request. *See* Mot. at 11 (mentioning only D.C. Code § 16–501). The Court will analyze Plaintiffs' request under Section 1605A, the only statute of which the Court is aware that could support Plaintiffs' request.

who receives title to the property is bound by the outcome of the civil case, without any additional rights to the property." *Id.*

For Section 1605A to apply, Plaintiffs must file a notice of *lis pendens*. *See* 28 U.S.C. § 1605A(g)(1). Plaintiffs have not indicated that they have done so.[3] Because Plaintiffs "fail[ed] to comply with the [statutory] requirements," "the Court will not . . . issue a pre-judgment writ of attachment." *Deegan v. Strategic Azimuth LLC*, 768 F. Supp. 2d 107, 117 (D.D.C. 2011) (denying a motion for prejudgment attachment where plaintiff failed to comply with applicable law).

\*   \*   \*

Notices of *lis pendens* are far from a "cure-all" for "help[ing] victims execute judgments." *In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d at 123. FSIA plaintiffs still face an uphill battle "[g]iven the scarcity of assets and the difficulty of locating what assets might be available." *Id.* at 62. The dearth of Iranian assets in the United States subject to attachment leaves victims of terrorism seeking relief from courts subject to "an increasingly counterproductive and largely academic exercise" that rarely proves fruitful. *Id.* at 139. Filing a notice of *lis pendens* does not overcome these challenges. Yet there is an alternative path of recovery: the Justice for United States Victims of State Sponsored Terrorism Act created the United States Victims of State Sponsored Terrorism Fund ("USSVST Fund"). *See* 34 U.S.C. § 20144. The USSVST Fund provides compensation to certain U.S. persons who were injured in acts of international state-sponsored terrorism. *See* http://www.usvsst.com.

---

[3] Plaintiffs should consult *Heiser* if they seek in the future to file a notice of *lis pendens* on eligible Iranian assets. *See* 605 F. Supp. 2d at 248.

## IV. CONCLUSION

While this Court "will endeavor to see to it that plaintiffs in [terrorism] actions get all the relief to which they are entitled under the law," *In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d at 140, it must deny Plaintiffs' motion. It is hereby **ORDERED** that the motion is **DENIED**.

Date: June 3, 2024

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE